PATRICIA A. WATKINS, Plaintiff-Appellee, *v.* HENRY D. MARTIN, Defendant-Appellant.

First District (1st Division)  No. 82—2630

Opinion filed May 31, 1983.—Rehearing denied July 5, 1983.

Goldstein, Simon, Briskman & Briskman, of Chicago (Charles Simon, of counsel), for appellant.

Benson, Goldstein & Stengel, of Chicago (Richard M. Goldstein, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Patricia A. Watkins (plaintiff) brought this paternity action against Henry D. Martin (defendant). After hearings, the trial court entered a judgment finding paternity. After a subsequent hearing, the trial court ordered defendant to pay monthly child support payments of $300. Defendant appeals.

Plaintiff filed a motion to dismiss this appeal on the ground that the order appealed from, entered October 6, 1982, is not a final order because it does not contain the special finding required by Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)). The record shows plaintiff's petitions for allowance of attorney fees and costs and also retroactive support during pregnancy remain pending. Defendant has filed objections to the motion to dismiss. Defendant cites and depends primarily upon *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232. There, the supreme court held that when the trial court had decided the issue of paternity, and had fixed the amount of support money defendant was to pay, "[t]his was the final determination of the ultimate rights of the parties put in issue by the complaint." (44 Ill. 2d 412, 417.) Thus the time for filing the notice of appeal commenced to run

from the date of the order fixing the amount of support. We took this motion to dismiss with the case.

■ Upon due consideration, the motion to dismiss is denied for these reasons:

(1) In our opinion, *Deckard* is in point and decides the issue.

(2) The first order entered by the trial court disposing of the issue of paternity also set the cause for hearing to determine "support and related matters." The able trial judge also found that the order in question was neither final nor appealable pending such a hearing. No such finding appears in the order of October 6 fixing support. This may well be construed as a finding that the order entered after the hearing to fix support would be final and appealable.

(3) The order entered October 6, 1982, fixed the amount of support money. This order is final in the sense that the other matters reserved therein by the trial court were simply collateral such as the fixing of attorney fees and costs and determination of a request for retroactive child support expenses during pregnancy.

(4) The pertinent statute provides that if the trial court finds defendant is the father of the child, then, at the time such judgment is entered and again at the time of entry of an order with respect to support, the trial court shall:

"advise the defendant of his right to appeal, of his right to request the clerk to prepare and file a notice of appeal, and of his right, if indigent, to be furnished, without cost to him with a transcript of the proceedings at his trial and with counsel of appeal." (Ill. Rev. Stat. 1981, ch. 40, par. 1366.)

In our opinion, by this declaration the legislature indicated that defendant should have the right to appeal after the issues of paternity and amount of support have been settled.

(5) In *Virzint v. Beranek* (1980), 85 Ill. App. 3d 919, 407 N.E.2d 701, this court held that a determination of paternity is not in itself a final and appealable order and does not become final and appealable until an order for support is entered.

(6) In our opinion, the entry of the order of paternity and the determination of support are the two basic orders actually required for virtual completion of the case. The entry of these orders assures that the child will not lack for support. Additional matters such as attorney fees and costs and expenses, if any, during pregnancy may be determined in due course at a later date without interfering with the basic rights of the parties. In other words, a final order does not become interlocutory simply because it reserves "power over incidental matters not affecting the ultimate rights that have been deter-

mined by that order." *Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 166, 415 N.E.2d 1060, and cases there cited.

The motion of plaintiff to dismiss the appeal is therefore denied.

■ Before trial plaintiff filed a motion *in limine* to exclude three blood tests. The first test indicated a 100% "relative chance of non-paternity, or a 0% "relative chance of paternity." The second test found the probability of paternity would be very high. The third test indicated "the likelihood of Henry Martin [defendant] being the father" at 99.764%. The judge then presiding ruled that all tests were inadmissible. Defendant's motion to reconsider was denied. The trial judge also ruled the test results not admissible and sustained an objection by plaintiff to testimony from one of the testing experts.

This problem has been solved by the legislature. The pertinent statute (Ill. Rev. Stat. 1981, ch. 40, par. 1404(a)) provides:

"If the court finds, as disclosed by the evidence based upon the tests, that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly. If the experts disagree in their findings, such findings shall not be admissible, and the question of paternity shall be submitted upon all the evidence."

In the case before us, in view of the fact that the various blood tests are in complete disagreement, the trial court had, and this court has, no alternative but to follow the specific direction of the statute and to hold the results of all of the tests were not admissible.

The cases cited by defendant are not in point:

(1) *Daubach v. Ishihara* (1981), 103 Ill. App. 3d 750, 431 N.E.2d 1183. There, two blood tests were involved which were "not in disagreement." (103 Ill. App. 3d 750, 754.) Consequently the trial court there was correct in admitting the results of the tests into evidence.

(2) *People ex rel. Yarn v. Yarn* (1979), 73 Ill. App. 3d 454, 392 N.E.2d 606. There, only one test was taken. Based thereon the trial court dismissed the complaint. This court reversed on the theory that, since there was one test, plaintiff should have the right to cross-examine the expert before dismissing the complaint. The case did not involve two or more tests with diametrically opposed results.

(3) *People ex rel. De Vos v. Laurin* (1979), 73 Ill. App. 3d 219, 391 N.E.2d 164. The first test excluded paternity. The trial court denied leave to obtain a second blood test. Actually the issue there was the question of reinstatement of the case to the trial calendar. This court dismissed the appeal on the ground that the order appealed from was not final. (73 Ill. App. 3d 219, 222.) The pertinent section of the stat-

ute was not involved in the decision.

It follows that in the case before us admission of the blood tests was properly denied. In addition the trial court acted properly in refusing to hear the testimony of one of the expert witnesses. Although defendant made no offer of proof, this testimony would necessarily have been confined to the making of the test and the subsequent result.

At trial, plaintiff called defendant as an adverse witness. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1102.) Defendant denied ever visiting the plaintiff at the hospital, and stated he first knew of the birth of plaintiff's child through the court summons he received. Later, however, defendant "remembered" visiting plaintiff at the hospital on the day she delivered. Defendant acknowledged his name appeared on a document entitled "Consent for Name of Father to be Entered on Certificate of Birth." However, defendant testified he did not sign the document and the signature was not his. Defendant did not remember visiting plaintiff at her home. Defendant denied ever having sexual intercourse with plaintiff.

Resitacion SanVincente testified she is a nurse at the hospital where plaintiff's child was born. There is a hospital procedure for executing the document described above, after the birth of a child to an unmarried mother. The putative father must show proper identification to the attending nurse before he is permitted to sign. The witness signed her name as witness to the putative father's signature. Although the witness did not specifically remember the parties or the signing of this particular document, she testified she would never sign as a witness unless she had been presented with proper identification by the putative father.

Plaintiff testified she met defendant in 1968. They began a sexual relationship in 1969. She estimated that between 1969 and 1978 she had intercourse with defendant approximately 100 times.

Plaintiff identified several photographs of defendant in her apartment. They were taken at various times between 1969 and 1978. One of the photographs was of defendant holding her child. She identified one photograph of defendant's mother holding the child. Defendant bought her child a crib. He also brought her money, diapers, and milk. Defendant had a key to her apartment. She saw defendant sign the consent form described above.

Sara Henderson, plaintiff's aunt, testified she saw defendant at plaintiff's home a month after the birth of plaintiff's child. Defendant and another man came in bringing a gallon jug of distilled baby drinking water, and a carton of juice. Defendant began to talk to the other

man about the baby. The witness "teased [defendant] about being a proud father." Defendant smiled. He did not deny being the father. The court found defendant is the father of plaintiff's child.

■ Defendant contends the finding of paternity is against the manifest weight of the evidence. We see here simply a conflict between the testimony of plaintiff and defendant. The resolution of such conflicting testimony is determined by the trier of fact. (*People ex rel. Martin v. Presswood* (1980), 85 Ill. App. 3d 975, 407 N.E.2d 770.) In a paternity case the question of the credibility of witnesses and the weight to be afforded their testimony is for the trier of fact, and its findings will not be reversed unless they are clearly erroneous. (*People ex rel. Gomez v. Wedech* (1978), 58 Ill. App. 3d 518, 520, 374 N.E.2d 849, *appeal denied* (1978), 71 Ill. 2d 605.) In a bench trial the findings of fact by the trial judge are to be afforded the same deference as those of a jury. See *Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 110, 382 N.E.2d 1205.

In the case at bar the evidence adduced at trial is clearly sufficient to establish paternity. Not only was defendant's testimony completely rebutted and thoroughly discredited by other witnesses, it was itself inconsistent. We conclude that the finding of paternity is completely supported by the record before us.

■ Finally, defendant contends the trial court erred in assessing child support payments of $300 per month. At the support hearing, plaintiff filed an affidavit specifying net monthly income of $974 and expenses of $1,320. However, only $240 of those expenses were attributed directly to the child. Defendant filed an affidavit specifying net monthly income of $2,838.72 and monthly expenses of $2,833. Included in those expenses was a $567 payment for a $28,000 automobile purchased between the time of the finding of paternity and the support hearing. The trial court ordered defendant to pay $300 monthly child support. The disparity between the income of the mother and father should be considered in assessing child support payments. (*People ex rel. Holland v. DeMichael* (1979), 79 Ill. App. 3d 974, 980, 398 N.E.2d 1138.) In *Holland*, we upheld a support judgment of $220 which represented approximately 20% of the father's net income. The $300 monthly payment in the case at bar represents approximately 11% of defendant's net income. We find the judgment for support equitable and it will be affirmed.

For these reasons the judgment appealed from is affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.