THE PEOPLE *ex rel.* DORISTEEN JOHNSON, Plaintiff-Appellee, *v.* JOHN PAYNE, Defendant-Appellant.

First District (4th Division) No. 82—1416

Opinion filed September 13, 1984.

Harry P. Bush, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Glen E. Carr and Frank J. Marek, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE ROMITI delivered the opinion of the court:

Defendant John Payne appeals from an order of the circuit court of Cook County denying his section 72 petition (Ill. Rev. Stat. 1981, ch. 110, par. 72), now section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401), in which he sought to vacate a judgment for paternity and support entered against him almost three years earlier. Defendant also seeks to appeal directly from that initial judgment as well as from the denial of an amended section 72 petition and a petition to vacate the original judgment, both latter petitions having been filed after the denial of the section 72 petition. (We will use the section 72 terminology because it was applicable at the time in question.)

We dismiss defendant's attempted direct appeal from the initial judgment for paternity and support, and we affirm the judgment of the trial court denying defendant's other petitions.

On October 10, 1974, relatrix Doristeen Johnson initiated a paternity action against the defendant, alleging in a verified complaint that

he was the father of a minor child born to her out of wedlock on November 30, 1973. Defendant was initially represented by the public defender. On September 1, 1976 (after the matter had twice been postponed on defendant's motions on March 10, 1976, and April 14, 1976), the public defender moved to withdraw as defendant's counsel. The matter received 11 additional continuances (all either by agreement, on the State's own motion, or on the court's order) until June 25, 1979. On that date, with the defendant present in court, the public defender renewed his motion to withdraw and informed the court that defendant had retained private counsel. The court granted the motion but passed the matter because defendant's counsel had not arrived. Later that day the following colloquy took place:

"THE CLERK: John Payne.

MR. O'GARA: The State, at this time, your Honor, is making a motion for default. The case has been on call since—

THE DEFENDANT: He's suppose to be on his way.

THE COURT: This court starts at 11:00, sir, and he should be here by then. See this file? This is you.

MR. O'GARA: Judge, this case has been on call since October of '75. The parties have had their blood test and every kind of interrogatories. The State would ask for a finding, in default, of paternity.

Are you working, Mr. Payne?

THE DEFENDANT: Yes, I am.

MR. O'GARA: How much do you take home per week?

THE DEFENDANT: About a hundred and thirty dollars per week.

MR. O'GARA: Is this one child?

THE CLERK: Yes.

MR. O'GARA: Do you have any other children to support?

THE DEFENDANT: No, none.

MR. O'GARA: I would ask for a sixty dollar a month order of support, Judge, at this time. We're not asking that it be nunc pro tunc.

THE COURT: Default. You're ordered to pay sixty dollars a month. Transfer to Br. 33. First payment, 7-25-79. See the young lady to your right."

Defendant did not move to vacate the order within 30 days, nor did he file any notice of appeal in that time period. On November 30, 1981, relatrix petitioned the court for a modification of the support and on January 12, 1982, an order was entered increasing her support payments to $125 per month. Ten days later defendant filed a petition

for relief under section 72, but that petition was stricken on February 5, 1982, because of defendant's failure to properly serve notice on the State as attorney for relatrix.

Defendant refiled his petition on May 20, 1982, and a hearing was held on May 24, 1982. In the petition, defendant asserted that he had been unaware of any order of paternity until relatrix filed her petition to modify the support order. Defendant also asserted that he was not the father of the child. At the hearing defendant was represented by new counsel, although his prior private counsel had prepared the petition. Counsel for defendant asserted that because there had not been a trial on the merits or a guilty plea the original judgment could not stand. When the court inquired about the two-year limitation for bringing section 72 petitions, defense counsel asserted that the defendant had not understood what had occurred in court at the time of the original judgment and that he only became aware that he was to pay support when he received notice of the petition for modification. Defendant conceded that at the time of the original hearing he had been represented by private counsel who did not appear for the hearing. Counsel for defendant also told the court: "I would presume that after the court date of June 25, 1979 [the original hearing date] that there was no longer any contact between the attorney's office and the parties." The court denied the petition, finding that it was not timely filed.

On June 9, 1982, defendant filed an amended section 72 petition. In that petition, defendant conceded that he was present in court when the default judgment was entered and that his private counsel did not appear. However, he also contended that because he was not specifically advised that he had been found to be the father of the child and was not given a copy of the order, he did not make any payments and heard nothing from relatrix until November of 1981 when he received the petition for modification. He contended that he first became aware that an order of paternity had been entered against him on the date of the hearing for the modification petition, January 12, 1982. Defendant also stated in the petition that the judgment entered against him was not valid because, contrary to the provisions of section 2 of the Paternity Act (Ill. Rev. Stat. 1983, ch. 40, par. 1352), the paternity of the child was not determined at the hearing, defendant was not advised of his right to counsel, to a complete transcript, to plead not guilty, to have a jury trial, and to appeal. At the hearing, counsel for defendant indicated that the amended petition was in the nature of a petition for rehearing. Counsel also apparently filed a petition to vacate the original judgment as void, but that petition has

not been included in the record on appeal. The court ruled that its original denial of section 72 relief was conclusive and refused to grant defendant a full hearing on the two petitions. On June 11, 1982, defendant filed a notice of appeal, purporting to appeal from the judgment for paternity and support entered June 25, 1979, the May 24, 1982, denial of the section 72 petition, and the June 9, 1982, denial of the final two petitions.

## I

■■ We first consider defendant's contention that the trial court erred in denying his section 72 petition as untimely. Former section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72), now section 2–1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2–1401)), provides in pertinent part:

"Relief from judgments. (1) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section.

\* \* \*

(2) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by rule.

(3) The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years.

(4) The filing of a petition under this Section does not affect the order or judgment, or suspend its operation.

\* \* \*

(6) Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief."

Thus, in this cause, the defendant was required to demonstrate that the reason the petition was filed more than two years after entry of the final judgment was because for a sufficient portion of the period of delay he was under legal disability or duress or the ground for relief was fraudulently concealed from him. Defendant was also required to establish that he was acting with due diligence and that the delay was not caused by negligence attributable to him. (*Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518; *Esczuk v.*

*Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.) Yet, defense counsel never argued below that defendant had been under any disability or that a ground for relief had been fraudulently concealed from him. Indeed, counsel suggested at the hearing that defendant's original private counsel had simply failed to consult with the defendant after the hearing. It is for the first time on appeal that defendant has suggested that the State fraudulently concealed from him the fact that a judgment of paternity and support had been entered against him. This allegation has no foundation in the record and, in any event, cannot be raised by defendant for the first time in this court. (*Brown v. Lober* (1979), 75 Ill. 2d 547, 389 N.E.2d 1188.) Nor can defendant claim the exercise of due diligence when he apparently made no effort to consult his attorney after a default judgment was entered against him.

The decision to grant or deny a section 72 petition is a matter for the discretion of the trial court, and only a showing of abuse of that discretion merits interference with the trial court's exercise of that discretion. (*Sabatino v. Kozy Kottage Inn, Inc.* (1981), 102 Ill. App. 3d 375, 430 N.E.2d 73.) We find no such abuse of discretion, and, accordingly, we find no basis for reversal on this ground.

## II

■ Defendant also contends on appeal that the original judgment for paternity and support is void because it was not properly entered in accordance with certain statutory requirements and Cook County circuit court rules. We need not address the specifics of this contention, because, even assuming the court failed to comply with some of these requirements, the judgment at issue would not be void. A judgment entered in a civil proceeding is void only when the court which entered it was totally without jurisdiction, either as to the subject matter or the parties. (*Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 395 N.E.2d 549.) Defendant has not contended that the trial court lacked jurisdiction on either of these grounds. Accordingly, we find no merit to this contention.

■ Defendant next contends that the original judgment was void because the court stamp on the original complaint indicates it was filed October 10, 1976, more than two years after the birth of the child on November 10, 1973. This, defendant contends, is in violation of a statutory two-year limitation on such actions. (Ill. Rev. Stat. 1983, ch. 40, par. 1354.) This contention has no validity because that limitation has been held to be unconstitutional. (*Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24.) The contention is also

disingenuous because scrutiny of the record establishes that the complaint was in fact filed within two years of the birth of the child. The half-sheet indicates that an "information" was filed October 10, 1975, and other dates in the record which would necessarily follow the filing of the complaint all come before the date stamped on the complaint itself: the return date of service is October 21, 1975, an arrest warrant was issued January 13, 1976, the warrant was "returned executed" March 1, 1976, and the cause was continued on March 10, 1976, and April 14, 1976. Clearly, the complaint was erroneously stamped with the year 1976 instead of 1975, and thus it was filed within the two-year period.

 █ In his reply brief before this court, defendant attempts to raise numerous issues not addressed in his initial brief. Such arguments are improper and are deemed to have been waived. (*Dial v. Mihalic* (1982), 107 Ill. App. 3d 855, 438 N.E.2d 546; *Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785.) Several of those arguments relate to the same contention, that the original judgment of the trial court was not final when issued because it specifically reserved determination of relatrix' right to recovery of expenses incurred during pregnancy, confinement and recovery. There is no merit to this contention. An order is final for purposes of review even though matters are left for future determination when those matters are merely incidental to ultimate rights which have been adjudicated by the judgment or decree; this has been held specifically applicable to an order for paternity and support which reserved the issue of potential increases in support should the need arise. *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232.

### III

 We have noted that defendant also seeks to appeal directly from the original judgment of the trial court even though his notice of appeal was filed several years after the entry of that judgment. Defendant contends that because the trial court failed to advise him of his right to appeal from that judgment, he was entitled to appeal even after the expiration of the 30-day period. But the judgment at issue was a default judgment, and ordinarily the defendant would not even be present when such a judgment was entered. Thus the court was under no obligation to so advise the defendant. The pertinent section of the Paternity Act requires advising a defendant of this right following a contested hearing. (Ill. Rev. Stat. 1983, ch. 40, par. 1366.) Because defendant did not file his direct appeal within the requisite

time period, we have no jurisdiction to consider it. (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232.) Accordingly, defendant's attempted direct appeal from the trial court's judgment for paternity and support must be dismissed.

The judgment of the trial court denying defendant's petitions for section 72 and other relief is affirmed. Defendant's appeal from the trial court's initial judgment for paternity and support is dismissed.

Judgment affirmed in part; appeal dismissed in part.

JIGANTI and O'CONNOR, JJ., concur.