THE PEOPLE *ex rel.* PHYLLIS DRIVER, Plaintiff-Appellee, v. MICHAEL TAYLOR, Defendant-Appellant.

Fourth District   No. 4—86—0429

Opinion filed February 10, 1987.

414

Terry S. Prillaman, Jr., of Prillaman, Prillaman & Savage, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Thomas P. Sweeney and Anne W. Brill, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Michael Taylor, appeals from a Champaign County circuit court order which refused to vacate defendant's admission of paternity. The circuit court found the defendant was the father of the minor child as alleged in the paternity complaint and ordered defendant to pay $100 biweekly as child support. However, the circuit court reserved ruling on the claim for expenses related to the birth of the minor child. Although defendant raises a number of issues on appeal, we conclude defendant did not appeal from a final order and do not address the merits of his claims. 87 Ill. 2d R. 301.

On February 18, 1986, the Illinois Department of Public Aid (Department) filed a paternity complaint alleging defendant was the father of a child born to plaintiff, Phyllis Driver, on July 8, 1983. The complaint asked the court to adjudicate defendant father of the minor child and order him to pay continuing child support and to reimburse the costs associated with the minor's birth. Subsequently, the defendant appeared *pro se* and admitted paternity. The circuit court entered an appropriate finding. In the same form order in which it adjudicated defendant father of the minor child, the court ordered the defendant to pay support, but reserved ruling on the claim for reimbursement of expenses related to the birth of the minor and public assistance previously provided the minor child. The court made no finding of appealability which separated the claims brought on behalf of the mother from those brought on the child's behalf. (103 Ill. 2d R. 304(a).) In the court's order, the findings concerning paternity and child support were contained in paragraphs that were partially printed and partially typewritten. The paragraph which reserved ruling on claims for reimbursement of birth expenses and previously provided public assistance was completely printed rather than typewritten.

After the circuit court entered its order, the defendant filed a *pro se* motion to vacate judgment (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203) and later appeared at a hearing on that motion represented by counsel. After the circuit court refused to vacate its order finding paternity and requiring defendant to pay child support, defendant brought this appeal.

■ In *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, the Illinois Supreme Court stated in the context of a paternity action that an order is "final for purposes of review where matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the judgment or decree. [Citations.]" (44 Ill. 2d 412, 417, 255 N.E.2d 900, 902-03.) In *Deckard*, the trial court entered an order finding paternity on March 27, 1962. This order, the supreme court noted, "was not a final and appealable order because it provided that jurisdiction would be retained for the determination of a matter of substantial controversy between the parties, *viz.*, the amount of support and expenses for which defendant was liable." (44 Ill. 2d 412, 417, 255 N.E.2d 900, 903.) However, once the trial court resolved these remaining issues in February 1963, there existed a final order from which appeal should have been taken. Because the defendant's appeal was not timely following adjudication of the issues of support and expenses, the supreme court dismissed his appeal.

■ Because the circuit court in the instant case specifically reserved ruling on the plaintiff's claim for maternity expenses, we believe that *Deckard* requires this court to dismiss defendant's appeal for lack of a final order. We are aware that the appellate court, sitting in the first district, applied *Deckard* with a different result in *Watkins v. Martin* (1983), 115 Ill. App. 3d 417, 450 N.E.2d 866, and *People ex rel. Johnson v. Payne* (1984), 127 Ill. App. 3d 398, 469 N.E.2d 270. To the extent *Watkins* and *Payne* hold that only an adjudication of paternity and an order for prospective child support are required to make an order appealable when other relief has been sought in the complaint, we decline to follow those decisions.

■ When a plaintiff requests relief directly tied to a finding of paternity, such as child support and birth expenses, the circuit court must make an initial ruling upon those matters, even though it may retain jurisdiction to enforce its orders or to modify the relief granted a plaintiff. Ill. Rev. Stat. 1985, ch. 40, par. 2516; see also *People ex rel. Raines v. Biggs* (1985), 135 Ill. App. 3d 200, 481 N.E.2d 899.

Form orders which reserve issues or make reference to issues that may no longer exist cause mischief and confusion. The Depart-

416

ment chose to seek reimbursement for costs associated with the minor's birth. Those costs may well be substantial and are not "merely incidental."

Because the circuit court did not finally adjudicate the rights of the parties, we hold the order is not appealable and therefore, dismiss the appeal.

Appeal dismissed.

GREEN and LUND, JJ., concur.