THE DEPARTMENT OF PUBLIC AID *ex rel.* HEATHER CORRIGAN, Petitioner-Appellee, v. SCOTT HAWKINS, Respondent-Appellant.

Second District   No. 2—88—1212

Opinion filed August 15, 1989.

Timothy J. Klein, of Darnall, Polachek & Associates, of Franklin Park, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and James E. Ryan, State's Attorney, of Wheaton (Kimary Lee, Assistant Attorney General, Robert J. Ruiz, Solicitor General, and John M. Albertine, Assistant State's Attorney, all of Chicago, of counsel), for appellee.

JUSTICE DUNN delivered the opinion of the court:

The respondent, Scott Hawkins, appeals the trial court's denial of his post-trial motion seeking modification of a paternity and support order. On appeal, the respondent contends that the trial court lacked the authority to order him to obtain or maintain medical insurance for future medical expenses of his minor child and that the evidence adduced at the support hearing failed to support the trial court's findings that medical insurance was available to him for the benefit of the minor child and that he should be required to bear full financial responsibility for the child's medical expenses. We dismiss this appeal for lack of jurisdiction. The following facts are relevant to our decision.

The petitioner, Heather Corrigan, filed a petition for determination of a father/child relationship on October 21, 1987, seeking the declaration that the respondent was the father of her son, Anthony Corrigan, who was born May 11, 1985. The petition further sought an award of temporary and permanent custody of Anthony, as well as an award of temporary and permanent child support to be paid by the respondent. The petition alleged that the petitioner was without sufficient financial resources to pay for the reasonable expenses of pregnancy and delivery and to provide for Anthony's needs; it further alleged that the respondent had sufficient financial resources to pay such expenses and provide such support.

In an agreed order dated September 14, 1988, the respondent admitted paternity and admitted his duty of financial support of the minor child as well as his duty to reimburse the Illinois Department of Public Aid for monies expended on behalf of Anthony. The agreed order awarded sole care and custody of Anthony to the petitioner.

In a subsequent support hearing concerning economic issues only,

the parties presented testimony concerning their respective weekly wages and expenses. The petitioner testified that public aid had contributed to her childbirth and related medical expenses. She stated that she had received public assistance in the amount of $80 for approximately six months and had been on Medicaid for an indeterminate length of time. She further stated that she had received no payments whatsoever from the respondent. At the close of the testimony, the trial court ordered the respondent to pay all ordinary and extraordinary medical expenses of the minor child, to pay the petitioner $35 per week in child support, commencing September 27, 1988, and to maintain or obtain medical insurance coverage for Anthony. The court specifically reserved ruling on the respondent's liability for payment of back support and medical expenses as well as the question of visitation.

The defendant's timely post-trial motion seeking modification of that portion of the order which required him to bear 100% of the child's medical expenses and to obtain medical insurance was denied on November 10, 1988. The respondent's timely appeal ensued.

At the outset, we shall consider whether this appeal is properly before the court. The petitioner contends that the support order dated September 22, 1988, is not a final and appealable order in that it did not dispose of all claims or issues which are material to the litigation between the parties. Thus, the petitioner argues that we should dismiss the instant appeal for lack of jurisdiction. We agree.

In the instant case, approximately one-half of the issues in dispute between the parties were disposed of by the trial court's order. Notably, the trial court reserved ruling regarding the amount of reimbursement of back support and medical expenses the respondent would be required to pay the petitioner and the Department of Public Aid. In *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232, the supreme court stated that the paternity order in question was not final and appealable, "because it provided that jurisdiction would be retained for the determination of a matter of substantial controversy between the parties, *viz., the amount of support and expenses for which defendant was liable.*" (Emphasis added.) (44 Ill. 2d at 417, 255 N.E.2d at 903.) The supreme court stated that the trial court's subsequent support order constituted the final determination of the parties' ultimate rights put into issue by the paternity complaint and resolved the remaining issue, that is, the amount of support and expenses for which the defendant was liable. (44 Ill. 2d at 417, 255 N.E.2d at 903.) With the entry of the support order, the trial court's judgment became final and

appealable with only incidental issues remaining, namely, the enforcement of the support order and the increase in the amount of support if later deemed necessary. 44 Ill. 2d at 417, 255 N.E.2d at 903.

■■ In a recent decision, the Appellate Court for the Fourth District relied on *Deckard* and held that an order which included a paternity finding and ordered support payments, but which reserved ruling on State aid reimbursement and payment of childbirth expenses, was not a final and appealable order. (*People ex rel. Driver v. Taylor* (1987), 152 Ill. App. 3d 413, 504 N.E.2d 516.) The *Driver* court stated that the childbirth expenses were conceivably substantial and could not be considered "merely incidental" to the issues already resolved. (152 Ill. App. 3d at 416, 504 N.E.2d at 518.) In so holding, the *Driver* court expressly declined to follow two earlier appellate decisions, *Watkins v. Martin* (1983), 115 Ill. App. 3d 417, 450 N.E.2d 866, and *People ex rel. Johnson v. Payne* (1984), 127 Ill. App. 3d 398, 469 N.E.2d 270. The instant respondent urges us to disregard the *Driver* holding in favor of the holdings in *Watkins* and *Johnson*.

In *Watkins*, the trial court entered a paternity order and subsequent support order. While the plaintiff's petitions for attorney fees and costs and retroactive support during pregnancy were pending, the defendant appealed. The appellate court denied the plaintiff's motion to dismiss, stating that the pending matters were "simply collateral" to the party's ultimate rights in the paternity action. (*Watkins*, 115 Ill. App. 3d at 419, 450 N.E.2d at 868.) It stated that in such a cause, all that was needed for a final and appealable order was (1) a determination of paternity, and (2) a support order: "the two basic orders actually required for virtual completion of the case." *Watkins*, 115 Ill. App. 3d at 419, 450 N.E.2d at 868.

In *Johnson*, as in *Watkins*, the mother's right to recovery of expenses for childbirth was pending at the time of the appeal. As in *Watkins*, the court held such an issue to be merely incidental to the rights already adjudicated, stating:

> "An order is final for purposes of review even though matters are left for future determination when those matters are merely incidental to ultimate rights which have been adjudicated by the judgment or decree; this has been held specifically applicable to an order for paternity and support which reserved the issue of potential increases in support should the need arise." *Johnson*, 127 Ill. App. 3d at 404, 469 N.E.2d at 275, citing *Deckard*, 44 Ill. 2d 412, 255 N.E.2d 900.

In both *Johnson* and *Watkins*, the Appellate Court for the First District expressly relies on the supreme court's holding in *Deckard*

that the trial court's reservation of incidental issues does not render a final order in a paternity action interlocutory. In *Deckard*, the supreme court enumerated those issues which it considered incidental, namely, the enforcement of the support order and any increases in support deemed necessary at a later date. In *Johnson* and *Watkins*, without citation of authority, the court concludes that the determination of the amount of retroactive support and reimbursement for childbirth and related medical expenses is merely incidental to the determination of the amount of support a respondent father is to pay in a paternity action. We fail to see how these items, which can be substantial, are simply collateral to this issue. In the instant case, for example, at the date of the support hearing, the minor child was approximately 3½ years old. As of that date, the respondent had contributed zero dollars to his support. A retroactive award of the trial court requiring the respondent to pay even one-half of the current weekly amount back to the date of birth, as well as a portion of the childbirth and related medical expenses, will result in a sizeable award amounting to thousands of dollars. We cannot say that such a determination is simply incidental to the parties' rights in this matter, and thus we expressly decline to follow the holdings of *Watkins* and *Johnson*. We determine the reasoning of the Appellate Court for the Fourth District as set forth in *Driver* to be the correct interpretation of the law concerning this issue.

■ In view of the trial court's reservations on the issue of retroactive support and apportionment of childbirth and related medical expenses, we conclude that the support order of September 22, 1988, is not final and, therefore, not appealable. Thus, the respondent's appeal is premature, and we lack jurisdiction to consider it.

Moreover, we note that even if we were to hold that the remaining issues were incidental matters which would not prevent the support order from being final, the result must be the same. The order did not dispose of all claims and did not include the appropriate language required by Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Thus, the support order is not within the purview of the rule, and an appeal may not be taken at this point in the proceedings. *In re Marriage of Piccione* (1987), 158 Ill. App. 3d 955, 963-64, 511 N.E.2d 1157, 1163.

Accordingly, the respondent's appeal is dismissed.

Appeal dismissed.

UNVERZAGT, P.J., and INGLIS, J., concur.