THE DEPARTMENT OF PUBLIC AID *ex rel.* BRANDI CHIAPELLI *et al.*, Plaintiffs-Appellees, v. VITO VIVIANO, Defendant-Appellant.

Fifth District   No. 5—89—0271

Opinion filed April 2, 1990.

Michael R. Bilbrey, of Hopkins & Bilbrey, P.C., of Granite City, for appellant.

Joan A. Spiegel, of Becker & Motil, P.C, of Granite City, for appellee Brandi Chiapelli.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Vito Viviano, appeals from an order of the circuit court of Madison County granting the petition for child support of

plaintiff. In this cause, defendant raises a number of issues, all of which we decline to answer, as we find the order appealed from is not final and appealable. We hold instead that this appeal must be dismissed.

The relevant facts show that plaintiff, Brandi Chiapelli, was born on November 28, 1972. In April 1974, plaintiff's mother, Vicki Chiapelli, now Vicki Ashton, and defendant herein submitted to a court order wherein defendant denied paternity, but consented to a court-approved settlement in which defendant paid plaintiff's mother $3,000. A release of judgment was filed with the court on September 20, 1974, indicating the sum paid. On December 19, 1984, the Illinois Department of Public Aid filed a complaint on behalf of plaintiff in an attempt to establish the paternity of defendant. On September 18, 1987, after an evidentiary hearing, defendant was found to be the natural and biological father of plaintiff.

On October 8, 1987, defendant filed a motion for summary judgment and a memorandum in support of that motion. In both, defendant argued that the lower court did not have jurisdiction to modify the April 1974 order. On March 7, 1988, a guardian *ad litem* was appointed for plaintiff. On June 15, 1988, the guardian *ad litem* filed a petition for support on behalf of plaintiff and by her next friend, her mother. On January 31, 1989, the circuit court ordered defendant to pay child support in the amount of $450 per month, but withheld its decision regarding retroactive child support. On March 29, 1989, the trial court entered an order concerning retroactive support, the relevant portion of which stated:

> "A. Defendant's obligation to pay child support is retroactive to March 1985. Defendant is ordered to produce evidence of his income commencing February 1985 and present [*sic*] to the Guardian *ad litem* within 14 days of the entry of this order. Retroactive support shall be at the rate of 20% of Defendant's net income. The amount of retroactive support and method of payment will be set upon receipt of proof of income."

The 1970 Constitution provides that "[a]ppeals from final judgments of a Circuit Court are a matter of right to the Appellate Court." (Ill. Const. 1970, art. VI, §6.) The appellate court, subject to exceptions for appeals from interlocutory orders specified in the supreme court rules, is without jurisdiction to review judgments, orders, or decrees that are not final. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480, 482.) The specified exceptions in the supreme court rules which allow appeals from interlocutory orders are not applicable in this case, because first, under Supreme Court Rule 307 this

case does not involve an issue which allows for an interlocutory appeal as a right (107 Ill. 2d R. 307), and second, under Supreme Court Rules 306 and 308 neither a petition for leave to appeal nor an application for leave to appeal has been filed with this court (107 Ill. 2d Rules 306, 308). A final judgment has been defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 119, 382 N.E.2d 1217, 1219.

■■ In the instant case, it is apparent that if we affirmed there would be much more remaining than the mere execution of the judgment. Specifically, the trial court set retroactive support at 20% of defendant's net income, but had not yet determined what the amount would be. This is not a mere ministerial act upon which a calculation can easily be measured, as there are potential disputes about the materials submitted, the inferences drawn from any material, and the amounts to properly be considered in arriving at a net upon which 20% can be assessed. (See sections 505(3)(a) through (h) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, pars. 505(3)(a) through (h)) as mandated by section 14(a) of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, par. 2514(a)); see also *Ivanyi v. Granoff* (1988), 171 Ill. App. 3d 411, 526 N.E.2d 189.) Additionally, the method of payment was not addressed by the trial court, but was delayed until defendant submitted proof of income.

The potential disputes that could arise over the 20% figure and the method of payment make this an order which lacks the essentials of a final judgment. Finality lacking, we are forced to dismiss this appeal.

For the foregoing reasons, this cause is dismissed.

Dismissed.

HARRISON and WELCH, JJ., concur.