THE PEOPLE *ex rel.* JOANN BLOCK, Plaintiff-Appellee, v. BILLY J. DARM, Defendant-Appellant.

Third District   No. 3—94—0131

Opinion filed November 8, 1994.

A. Randolph Comba, of Princeton, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Jessie A. Wang-Grimm, Assistant Attorney General, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Respondent, Billy J. Darm, appeals from an order which found that he was the father of Keshia and Kayla Block, twin daughters born to petitioner, Joann Block, on September 3, 1986. The trial court also ordered respondent to pay child support in the amount of $380 per month. In its order, the trial court reserved ruling on the issue of retroactive child support. The finding of paternity was based upon an earlier order which granted a motion for summary judgment filed by the Department of Public Aid (Department) on petitioner's behalf.

The sole issue raised by respondent on appeal is whether summary judgment was improperly granted based on the blood test results and because genuine issues of material fact were raised by his answer to the petition and the affidavits filed by the parties. Following our review of the record, we conclude that summary judgment was properly granted in favor of petitioner.

However, before we may address the issue raised by respondent, we must consider the Department's contention that we are without jurisdiction to hear this appeal. The Department filed a motion to dismiss the appeal. It argued that, because the trial court's order reserved the issue of retroactive child support, it was not a final, appealable order. We denied the motion because we concluded that we have jurisdiction based upon Supreme Court Rule 304(a) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994). We will now set out our reasons for concluding that we have jurisdiction to decide this appeal.

In this case, the order entered by the trial court on February 10, 1994, stated that respondent was found to be the parent of the two children. It also ordered respondent to maintain health insurance for the children and pay $190 twice per month in child support. The order stated that the issue of retroactive child support was reserved for a future hearing. It further provided, "[t]here is no reason to delay enforcement or appeal of this judgment."

The jurisdiction of the appellate court is limited to reviewing appeals from final judgments, subject to statutory or supreme court rule exceptions. (*In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 553, 535 N.E.2d 818, 823; *Rice v. Burnley* (1992), 230 Ill. App. 3d 987, 990, 596 N.E.2d 105, 107.) "A judgment is final for appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the

execution of the judgment." *Verdung,* 126 Ill. 2d at 553, 535 N.E.2d at 823.

When an order does not dispose of an entire proceeding, appeals are governed by Supreme Court Rule 304(a). The rule provides that when multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more, but fewer than all, of the claims only if the trial court has made an express finding that "there is no just reason for delaying either enforcement or appeal or both." (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994.) Although Rule 304(a) permits appeals from orders which do not dispose of an entire proceeding, the mere presence of Rule 304(a) language cannot make a nonfinal order final and appealable. (*Hicks v. Weaver* (1994), 255 Ill. App. 3d 650, 652, 627 N.E.2d 751, 753; *Coryell v. Village of La Grange* (1993), 245 Ill. App. 3d 1, 5, 614 N.E.2d 148, 151.) Accordingly, the fact that the order in this case contains the requisite Rule 304(a) language does not necessarily mean that it is an appealable order.

The order entered by the trial court in the instant case is only appealable under Rule 304(a) if it was a final judgment as to one or more claims. Our supreme court has defined a claim, for purposes of Rule 304(a), as "any right, liability or matter raised in an action." (*Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 465, 563 N.E.2d 459, 463.) Consequently, courts have concluded that an order or judgment is final for purposes of Rule 304(a) if it disposes of some definite or separate part of the controversy. See *Coryell,* 245 Ill. App. 3d at 5, 614 N.E.2d at 151; *Heller Financial, Inc. v. Johns-Byrne Co.* (1992), 246 Ill. App. 3d 754, 759, 617 N.E.2d 1, 4; *Rice,* 230 Ill. App. 3d at 991, 596 N.E.2d at 107.

Here, we conclude that the trial court's order finally determined the issues of paternity, current child support and health insurance. Accordingly, the order clearly disposed of some definite and separate parts of the controversy between the parties. Therefore, even though the issue of retroactive child support was reserved for a future hearing, the order was appealable pursuant to Rule 304(a).

We further conclude that the Department's reliance on *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *Department of Public Aid ex rel. Chiapelli v. Viviano* (1990), 195 Ill. App. 3d 1033, 553 N.E.2d 97, *Department of Public Aid ex rel. Corrigan v. Hawkins* (1989), 187 Ill. App. 3d 139, 543 N.E.2d 317, and *People ex rel. Driver v. Taylor* (1987), 152 Ill. App. 3d 413, 504 N.E.2d 516, is misplaced. Those cases all involved a determination whether a paternity order was final and appealable pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301).

In *Deckard,* our supreme court stated that a paternity order is "final for purposes of review where matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the judgment." (*Deckard,* 44 Ill. 2d at 417, 255 N.E.2d at 902-03.) The courts in *Chiapelli, Corrigan* and *Driver* subsequently held that paternity orders which reserved such issues as the reimbursement of medical expenses and the amount of retroactive child support were not final, appealable orders. *Chiapelli,* 195 Ill. App. 3d at 1035, 553 N.E.2d at 98; *Corrigan,* 187 Ill. App. 3d at 143, 543 N.E.2d at 320; *Driver,* 152 Ill. App. 3d at 415-16, 504 N.E.2d at 517-18.

However, the orders at issue in *Chiapelli, Corrigan,* and *Driver* did *not* include Rule 304(a) language. In fact, the court in *Corrigan* indicated that the order at issue would have been appealable if it had included the language required by Rule 304(a). (*Corrigan,* 187 Ill. App. 3d at 143, 543 N.E.2d at 320.) In the case at hand, the order contained language pursuant to Rule 304(a). Also, we have concluded that the order finally disposed of some definite and separate parts of the controversy. In addition, while our supreme court has ruled that the issues raised in a dissolution of marriage case are not separate claims and are not appealable under Rule 304(a) until all matters are resolved (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 120, 449 N.E.2d 137, 140), no such ruling has been made regarding paternity cases. As a result, we conclude that we have jurisdiction over this appeal pursuant to Rule 304(a).

For the reasons indicated, we conclude that we have jurisdiction to decide this appeal. Also, based on the reasoning stated in the portion of this disposition which is nonpublishable under Supreme Court Rule 23 (Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23, eff. July 1, 1994), we affirm the judgment of the circuit court of Putnam County.

Affirmed.

BRESLIN and LYTTON, JJ., concur.