SUSAN ELKINS, Petitioner and Counterrespondent-Appellee, v. STEPHEN HUCKELBERRY, Respondent and Counterpetitioner-Appellant.

Fifth District   No. 5—94—0601

Opinion filed December 28, 1995.

1074

Victor R. Cook, of Cook & Cook, of Oklahoma City, Oklahoma, for appellant.

Kim G. Noffke, of Neely & Neely, of Metropolis, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner/counterrespondent, Susan Elkins (hereinafter petitioner), filed an action in the circuit court of Johnson County on August 27, 1993, seeking a judicial determination that respondent/counterpetitioner, Stephen Huckelberry (hereinafter respondent), was the father of her child and an order requiring respondent to pay, *inter alia*, child support, expenses associated with pregnancy and delivery, and costs associated with the instant litigation, as well as to provide health insurance coverage for the child. On October 27, 1993, respondent filed a response and a countercomplaint alleging misrepresentation as an affirmative defense. Specifically, respondent alleged:

"a. Prior to engaging in sexual relationship with the Petitioner, Respondent inquired regarding what kind or kinds of birth control would be appropriate.

b. Petitioner intentionally misrepresented to Respondent that no contraception was necessary because the petitioner was sterile.

c. Respondent reasonably relied upon the misrepresentation to his detriment and his parentage, if any, was caused in part by the subject misrepresentation and reliance thereon."

On June 29, 1994, petitioner filed a motion for summary judgment with regard to respondent's affirmative defense and countercomplaint. In this cause, respondent appeals from the order of the circuit court granting partial summary judgment in favor of petitioner on respondent's affirmative defense and countercomplaint. Respondent contends (1) that the trial court erred in granting petitioner's motion for summary judgment on respondent's affirmative defense and countercomplaint because genuine issues of material fact appear in the pleadings and by affidavit, and (2) that sound consideration of jurisprudence and provisions in the Illinois Constitution require granting the relief requested by respondent in his affirmative defense and countercomplaint.

Before we address the contentions raised by respondent, we must first consider the contention raised by petitioner that we are without jurisdiction to hear this appeal. Petitioner contends that the circuit court's entry of summary judgment on respondent's affirmative defense and countercomplaint is not an order appealable pursuant to Supreme Court Rule 304 (155 Ill. 2d R. 304). We agree.

■ Supreme Court Rule 304 provides, in pertinent part:
"Rule 304. Appeals from Final Judgments That Do Not Dispose of an Entire Proceeding
(a) Judgments As To Fewer Than All Parties or Claims—Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims *only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both*. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing a notice of appeal shall be as provided in Rule 303. In computing the time provided in Rule 303 for filing the notice of appeal, the entry of the required finding shall be treated as the date of the entry of final judgment. In the absence of such a finding, any judgment that adjudicates fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (Emphasis added.) (155 Ill. 2d R. 304(a).)

Although Rule 304(a) permits appeals from orders which do not dispose of an entire proceeding, the mere presence of Rule 304(a) language cannot make a nonfinal order final and appealable. (*Hicks*

*v. Weaver* (1994), 255 Ill. App. 3d 650, 652, 627 N.E.2d 751, 753; *Coryell v. Village of La Grange* (1993), 245 Ill. App. 3d 1, 5, 614 N.E.2d 148, 151.) In the present case, the circuit court's August 8, 1994, order, granting summary judgment in favor of petitioner on the affirmative defense and countercomplaint filed by respondent, included Rule 304(a) language that no just reason existed to delay enforcement or appeal of the judgment. Nevertheless, the fact that the summary judgment order contained the requisite Rule 304(a) language does not lead to the inexorable conclusion that it is an appealable order.

In *People ex rel. Block v. Darm* (1994), 267 Ill. App. 3d 354, 642 N.E.2d 863, our colleagues on the Third District Appellate Court addressed an issue similar to the one presently before us. In *Block*, the Illinois Department of Public Aid, on behalf of the petitioner, filed a motion to dismiss the appeal on the basis that, because the trial court's order finding the respondent to be the father of the petitioner's twin daughters and ordering him to pay child support reserved the issue of retroactive child support, the order was not final and appealable. The *Block* court disagreed, stating:

> "Here, we conclude that the trial court's order finally determined the issues of paternity, current child support and health insurance. Accordingly, the order clearly disposed of some definite and separate parts of the controversy between the parties. Therefore, even though the issue of retroactive child support was reserved for a future hearing, the order was appealable pursuant to Rule 304(a)." *Block*, 267 Ill. App. 3d at 356, 642 N.E.2d at 865.

■ In the instant case, the matter of paternity had not yet been decided when the circuit court entered summary judgment in favor of petitioner on respondent's affirmative defense and counterclaim. Notwithstanding this deficiency, the circuit court included Rule 304(a) language in that order. Respondent then filed a notice of appeal. Subsequently, on September 28, 1994, the circuit court corrected this deficiency by granting partial summary judgment in favor of petitioner on the issue of paternity. In that same order, the trial court reserved the issues of respondent's obligation to pay child support, provide health insurance, reimburse petitioner for pregnancy expenses, and pay costs, including reasonable attorney fees. These issues were continued for a bench trial and, according to the record submitted to us, have yet to be determined.

Our supreme court has stated that a paternity order is "final for purposes of review where matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the judgment or decree." (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 417, 255 N.E.2d 900, 902-03.) The *Deckard* court went on to state that

the order under consideration therein "was not a final and appealable order because it provided that jurisdiction would be retained for the determination of a matter of substantial controversy between the parties, *viz.*, the amount of support and expenses for which defendant was liable." *Deckard*, 44 Ill. 2d at 417, 255 N.E.2d at 903.

The *Deckard* case has been applied disparately by different districts of the appellate court. For example, the First District Appellate Court has held that only an adjudication of paternity and an order for prospective child support are required to make an order appealable, even though other relief has been sought. (*Watkins v. Martin* (1983), 115 Ill. App. 3d 417, 450 N.E.2d 866; *People ex rel. Johnson v. Payne* (1984), 127 Ill. App. 3d 398, 469 N.E.2d 270.) However, the Fourth District Appellate Court has stated that an order finding paternity and requiring the father to pay child support was not final and appealable where the ruling on the mother's claim for maternity expenses was reserved. (*People ex rel. Driver v. Taylor* (1987), 152 Ill. App. 3d 413, 504 N.E.2d 516.) Likewise, the Second District Appellate Court has held that a trial court's reservation of the issues of retroactive child support and apportionment of childbirth and related medical expenses makes the trial court's support order not final and appealable. (*Department of Public Aid ex rel. Corrigan v. Hawkins* (1989), 187 Ill. App. 3d 139, 543 N.E.2d 317.) It is important to note, as our colleagues on the Third District Appellate Court pointed out in *Block*, that all of these cases involved a determination whether a paternity order was final and appealable pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301) and the orders in those cases did not contain Rule 304(a) language. (*Block*, 267 Ill. App. 3d at 356, 642 N.E.2d at 865.) The *Corrigan* case actually indicated that had the order at issue therein included the requisite Rule 304(a) language, it would have been appealable. *Corrigan*, 187 Ill. App. 3d at 143, 543 N.E.2d at 320.

Here, we believe that even though the order contains Rule 304(a) language, the order is not final and appealable. While the circuit court later ruled on paternity, several issues were never ruled upon, most notably, the issue of child support. Without a ruling on, at a minimum, the amount of support and expenses for which respondent is liable, the order is not final and appealable. *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900.

An analogous situation occurs in dissolution of marriage cases. In such cases our supreme court has determined that issues of support, property division, dissolution, and custody are not separate claims, but issues that are ancillary parts of a single claim. In order to avoid piecemeal review in dissolution proceedings, issues raised in a dis-

solution of marriage case are not appealable under Rule 304(a) until all matters are finally resolved. (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 120, 449 N.E.2d 137, 140; see also *In re Marriage of Ryan* (1989), 188 Ill. App. 3d 679, 544 N.E.2d 454.) While we decline at this time to rule that matters raised in a paternity action are not appealable under Rule 304(a) until all issues are finally resolved, we do find that, in the instant case, the order in question was not final and appealable.

For the foregoing reasons, we conclude that we do not have jurisdiction to decide this appeal. Accordingly, the appeal must be dismissed.

Appeal dismissed.

RARICK and CHAPMAN, JJ., concur.