THE DEPARTMENT OF PUBLIC AID *ex rel.* K.W., a Minor, Plaintiff-Appellant, v. ROGER LEKBERG, Defendant-Appellee.

Second District No. 2—97—0074

Opinion filed April 13, 1998.—Rehearing denied May 18, 1998.

John Steven Cole, of John Steven Cole & Associates, P.C., of Elmhurst, for appellant.

Vincent L. DiTommaso, Glen E. Berman, and Rita A. Farrell, all of DiTommaso & Associates, of Oak Brook, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiff, the Department of Public Aid, on behalf of K.W., a minor, appeals an order of the circuit court of Du Page County requiring defendant, Roger Lekberg, a noncustodial father, to pay retroactive child support for K.W. pursuant to a previous declaration of parentage. We conclude that the order appealed from was not final and appealable; therefore, we dismiss the appeal for lack of appellate jurisdiction.

On July 30, 1993, plaintiff filed a petition to adjudicate parentage of K.W. against defendant. An agreed order declaring defendant to be the biological father was entered on October 20, 1994, two weeks after K.W. attained the age of 18 years. The agreed order did nothing more than declare paternity. All other issues incident to the determination of paternity were expressly reserved.

On August 20, 1996, the trial court conducted an evidentiary hearing regarding only the issue of defendant's responsibility for retroactive child support. On August 30, 1996, the court entered a judgment against defendant for retroactive child support in the amount of $29,700. Neither the hearing nor the order addressed any of the other reserved issues raised by plaintiff's petition to adjudicate parentage, including current support, reimbursement for expenses of pregnancy and delivery, health insurance, and payment for blood tests. Both the August 30 order and a December 18, 1996, order

denying the custodial mother's motion to reconsider contained Rule 304(a) (155 Ill. 2d R. 304(a)) findings by the trial court. Plaintiff now appeals, seeking to challenge the amount of the award of retroactive child support.

■ Although the parties agree that this court is vested with appellate jurisdiction, we have an independent duty to ensure our jurisdiction is proper. Where an appellate court has reviewed the merits of a case when it had no jurisdiction to do so, its decision must be vacated. *Franson v. Micelli*, 172 Ill. 2d 352, 355 (1996).

We are presented with the issue of whether the August 30, 1996, order determining retroactive child support but leaving unresolved the other issues raised in plaintiff's petition was appealable or could be rendered appealable by virtue of the trial court's certification that "[t]here is no just reason to delay the enforcement and/or appeal of this order—it being a final and appealable order."

Appellate jurisdiction is limited to reviewing a final judgment that determines the litigation and disposes of the parties' rights on either the entire controversy or some definite and separate part of it. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). An order declaring parentage does not qualify as a final judgment if it does not at least rule on the amount of child support the defendant will be required to pay. *Franson*, 172 Ill. 2d at 355.

In *Department of Public Aid ex rel. Corrigan v. Hawkins*, 187 Ill. App. 3d 139 (1989), this court considered whether an order finding paternity and providing for current child support, but reserving ruling on other issues, including retroactive support and apportionment of childbirth and related medical expenses, could be considered final. Following *People ex rel. Driver v. Taylor*, 152 Ill. App. 3d 413 (1987), we held that the order was not final and, therefore, not appealable. In doing so, we rejected the argument that the reserved matters were merely incidental issues not bearing on finality. Noting that our supreme court, in *Deckard v. Joiner*, 44 Ill. 2d 412 (1970), enumerated those issues that it considered incidental, *i.e.*, enforcement of the support order and any increases in support deemed necessary at a later date, we held that retroactive support and childbirth expenses could not be regarded as incidental or collateral. We noted that the supreme court stated that the paternity order in question in *Deckard* was not final and appealable, " 'because it provided that jurisdiction would be retained for the determination of a matter of substantial controversy between the parties, *viz., the amount of support and expenses for which defendant was liable.*' (Emphasis added.) ([*Deckard*,] 44 Ill. 2d at 417 ***.)" *Corrigan*, 187 Ill. App. 3d at 141.

■ In the present case, a substantial element of defendant's

potential liability was resolved by the August 30, 1996, order that determined the amount of retroactive support. However, the order left pending other financial issues of potential importance, *i.e.*, defendant's responsibility for the expenses of pregnancy and delivery, blood testing, health insurance, and child support for the period of time between the filing of the petition to declare parentage and the child's attaining majority.

It is a matter of common knowledge that the expenses of pregnancy and childbirth can be substantial. The record does not reflect what amount of the expenses was covered by insurance. We decline to speculate that the amount of pregnancy and childbirth expenses not covered by insurance would necessarily have been inconsequential, as suggested by plaintiff. Plaintiff also contends that, because defendant's liability for current support and health insurance would be limited to a period of 14 months in view of the child's attaining majority only 14 months after the filing of the petition, we should regard this liability as *de minimus*. Even if defendant's liability for this item was no more than $1,900, as suggested by plaintiff, it is nonetheless an issue to be resolved by the trial court before its determination of expenses can be considered final. Accordingly, we conclude that plaintiff's appeal from the court's determination only of paternity and retroactive support is premature because there has yet to be a final order adjudicating defendant's liability for child support and expenses.

Although plaintiff's brief acknowledges that "the judgment order of August 30, 1996, is not in and of itself a final and appealable order because it fails to resolve all pending economic issues," plaintiff contends that the trial court's Rule 304(a) finding rendered the order final and appealable.

Rule 304(a) makes possible an appeal from an order that does not resolve an entire proceeding if there is an express finding that there is no just reason for delaying enforcement or appeal, but the mere insertion of such a finding does not make a nonfinal order final and appealable. Rather than making the judgment final, a Rule 304(a) finding simply makes appealable a final order where multiple parties or multiple claims are involved in the proceeding. *Baldassone v. Gorzelanczyk*, 282 Ill. App. 3d 330, 333-34 (1996).

Plaintiff suggests that our decision in *Corrigan* is distinguishable because we noted there that the order in question did not contain a Rule 304(a) finding. We disagree. Fundamental to our decision in *Corrigan* was a determination that the reserved matters of childbirth expenses and retroactive support were not incidental to the parties' rights. The failure to resolve those matters, therefore, made the order

*nonfinal,* and the appeal premature. We went on to say that *"even if we were to hold that the remaining issues were incidental matters which would not prevent the support order from being final, the result must be the same [because of the absence of Rule 304(a) language]."* (Emphasis added.) *Corrigan,* 187 Ill. App. 3d at 143. This is not the same as saying that the insertion into the order of Rule 304(a) language would have allowed an appeal from the order when *non*incidental issues remained unresolved, as occurred here.

In holding that a paternity order that decided only the issues of parentage and temporary support while reserving other substantial support issues was not final and appealable despite its Rule 304(a) language, the court in *Baldassone* reasoned as follows:

> "An analogous situation occurs in dissolution of marriage cases. The numerous issues raised in a dissolution of marriage case are not appealable under Rule 304(a) until all matters are finally resolved. *In re Marriage of Leopando,* 96 Ill. 2d 114, 119, 449 N.E.2d 137 (1983). Instead of representing separate, unrelated claims, they are separate issues relating to the same claim. *In re Marriage of Leopando,* 96 Ill. 2d at 119. Similarly, a complaint seeking a determination of paternity and child support advances a single claim, not separate, unrelated claims. See *Deckard,* 44 Ill. 2d at 417." *Baldassone,* 282 Ill. App. 3d at 334.

See also *Elkins v. Huckelberry,* 276 Ill. App. 3d 1073, 1077-78 (1995).

Although the supreme court in *Franson* recognized the issue of whether the *Leopando* rule is applicable to paternity cases, the court found it unnecessary to address the question since no written Rule 304(a) finding was made in the case under review. *Franson,* 172 Ill. 2d at 358.

We find the analogy to the *Leopando* rule to be useful in resolving the present issue of appellate jurisdiction. As in dissolution of marriage cases, we can see no compelling reason for allowing piecemeal appeals when matters of child support or expenses, as in the present case, have been only partially determined by the trial court.

Accordingly, we conclude that this appeal must be dismissed for lack of appellate jurisdiction.

Dismissed.

COLWELL and HUTCHINSON, JJ., concur.