THE PEOPLE *ex rel.* JANELLA DAVIS, on Behalf of Marcus Davis, a Minor, Plaintiff-Appellee, v. GEORGE WASHINGTON, JR., Defendant-Appellant.

First District (1st Division)   No. 1—95—1178

Opinion filed August 26, 1996.

Rita A. Fry, Public Defender, of Chicago (Suzanne A. Isaacson, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Sharon Johnson Coleman, Robert F. Lyons, and Leonard N. Foster, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Janella Davis, filed a paternity action in the domestic relations division of the circuit court of Cook County alleging that defendant, George Washington, Jr., is the biological father of her son Marcus Davis. After a bench trial, the court held that defendant is the biological father and ordered him to pay child support. The court expressly reserved the issue of health insurance. Defendant appealed, raising various issues concerning DNA and other blood test evidence admitted at trial.

On May 23, 1996, in a case very similar to the one at bar, the Illinois Supreme Court decided *Franson v. Micelli*, 172 Ill. 2d 352 (1996). In *Franson*, plaintiff filed a paternity action, and the jury found that defendant was the biological father of plaintiff's child. The trial court ordered defendant to pay current child support, but reserved the questions of retroactive support and health insurance for the child. Defendant appealed, claiming that the trial court erred in admitting certain DNA evidence. The appellate court agreed and remanded the case for a new trial. The supreme court held that the appellate court was without jurisdiction to decide the case because the trial court had not fully resolved all issues concerning child support, and, therefore, its judgment was not final as required for appeals from the circuit court under Supreme Court Rule 301 (134 Ill. 2d R. 301). *Franson*, 172 Ill. 2d at 356. The court found that retroactive child support is "a matter of substantial controversy between the parties, no less important than the issue of present support obligations." *Franson*, 172 Ill. 2d at 356-57. The court further held that "the question of support cannot be regarded as fully resolved until the [trial] court has ruled on the health insurance as well." *Franson*, 172 Ill. 2d at 355. Therefore, the judgment of the appellate court was vacated, and the appeal was dismissed. *Franson*, 172 Ill. 2d at 358.

In this case, after finding that defendant is the biological father of plaintiff's child, the trial court entered an order of support awarding plaintiff $6,360 for retroactive child support and $60 biweekly for current support. On the second page of the order form, the court checked a box indicating that the "[i]ssue of health insurance is reserved."

Although health insurance is the only unresolved question here, whereas in *Franson* retroactive support was also unresolved, the distinction is immaterial. *Franson* expressly states that a support order is not complete until the issue of health insurance is resolved, and a paternity judgment is not final until all issues regarding child support are fully resolved.

Nonetheless, defendant cites language in *Franson* indicating that ancillary or incidental matters, such as "an increase in the amount of support based on a subsequent change in circumstances," may be reserved for future consideration without depriving the judgment of finality. *Franson*, 172 Ill. 2d at 356. Defendant claims that it is commonplace in paternity actions for the trial court to check the "health insurance reserved" box with the intent of signifying that the defendant is not obligated to pay for health insurance, subject to modification if there is a change in circumstances. However, in this case, the trial court did not state that it was reserving the health insurance issue only as an ancillary matter in case a change of circumstances were to arise. The order of support merely shows that the issue is reserved, thus indicating only that it is unresolved. Since the question of health insurance must be determined for an order of paternity and support to be final and appealable, we must dismiss this appeal.

For the foregoing reasons, defendant's appeal is dismissed, and the matter is remanded to the trial court for proceedings consistent with this opinion.

Appeal dismissed.

WOLFSON and BRADEN, JJ., concur.