**Harold W. JOHNSON, Appellant,**

v.

**DISTRICT OF COLUMBIA OFFICE OF EMPLOYEE APPEALS, Appellee.**

**No. 04–CV–1095.**

District of Columbia Court of Appeals.

Argued Dec. 19, 2005.
Decided Dec. 21, 2006.

Isaac H. Marks, Calverton, MD, for appellant.

Sheila Kaplan, Assistant Attorney General, with whom Robert J. Spagnoletti, Attorney General for the District of Columbia at the time the brief was filed, and Edward E. Schwab, Deputy Attorney General, were on the brief, for appellee.

Before GLICKMAN, KRAMER, and FISHER, Associate Judges.

FISHER, Associate Judge:

In 1999 Harold Johnson was terminated from his position with the District of Columbia Public Schools ("DCPS"). He appealed to the Office of Employee Appeals ("OEA"), asserting that, as a member of the Educational Service, he could not be terminated lawfully without cause. The OEA dismissed his appeal for lack of jurisdiction, finding that he had failed to prove that he was an Educational Service employee who had a right of appeal. The Superior Court denied his petition for review. We affirm, substantially for the reasons stated in the comprehensive order of the Superior Court.

## I.  Standard of Review

■ Although this appeal comes to us from the Superior Court, our scope of review is "precisely the same" as in administrative appeals that come to us directly. *Murchison v. District of Columbia Dep't of Public Works,* 813 A.2d 203, 205 (D.C. 2002). "To pass muster, an administrative agency decision must state findings of fact on each material, contested factual issue; those findings must be supported by substantial evidence in the agency record; and the agency's conclusions of law must follow rationally from its findings." *Id. See also Providence Hosp. v. District of Columbia Dep't of Employment Servs.,* 855 A.2d 1108, 1111 (D.C.2004) ("We will not disturb an agency ruling as long as the decision flows rationally from the facts, and the facts are supported by substantial evidence in the record.").

## II.  Discussion

Everyone agrees that Mr. Johnson became a member of the Excepted Service when he was hired in 1996 to be Deputy Director of Facilities and Asset Management for DCPS. The parties also agree that members of the Excepted Service have no right to appeal when they lose their jobs. *See* D.C.Code § 1–610.5 (1981 ed.; 1999 repl. vol.) ("The employee does not have any right to appeal the termination."), now codified at D.C.Code § 1–609.05 (2001). The controversy centers on whether Johnson's status had changed by the time he was terminated in 1999.

Mr. Johnson presents two arguments—that the OEA decision is wrong as a matter of law and that, in any event, it is not supported by substantial evidence. His first argument hinges entirely upon the fact that when he was reassigned to another position by way of a "Demotion w/out Prejudice" in November 1997, someone typed the number "2" in "box 37" on his Personnel Action form (indicating that he was in the Educational Service) instead of the number "4" (which would have indicated that he remained in the Excepted Service). Mr. Johnson argues that DCPS was bound by regulation to give legal effect to this document and that he should have been treated thereafter as an Educational Service employee.[1] Therefore, he asserts that he was entitled to the full panoply of statutory rights under D.C.Code § 1–609.1(b)(2)(E) and (M), now codified at D.C.Code § 1–608.01a (b)(2)(E) and (M) (2001), including the right to be terminated only for cause.

■ Although the personnel records relevant to this case leave much to be desired, we ultimately find Mr. Johnson's arguments unconvincing. It is important

---

1. Mr. Johnson relies on 5 DCMR § 1315.4, which provides that:

The personnel actions and other documents, filed as permanent records in the [personnel] folder, shall give legal force and effect to personnel transactions and establish an employee's rights and benefits under the pertinent laws and regulations governing employment.

to remember that an Excepted Service employee has no right of appeal and that OEA dismissed Mr. Johnson's appeal for lack of jurisdiction. Under OEA rules, the employee has the burden of proof on issues of jurisdiction. OEA Rule 629.2 (6 DCMR § 629.2). Therefore, Mr. Johnson had the burden of proof by a preponderance of evidence with regard to material issues of fact affecting that issue. OEA Rule 629.1 (6 DCMR § 629.1). In this case, moreover, the issue of jurisdiction overlaps the merits. Thus, it was Mr. Johnson's burden to demonstrate that he was an Educational Service employee at the time of his removal. Furthermore, we " 'start from the premise that the agency's decision, like the decision of a trial court, is presumed to be correct, so that the burden of demonstrating error is on the appellant or petitioner who challenges the decision.' " *Hoage v. Board of Trustees of the Univ. of the District of Columbia,* 714 A.2d 776, 781 (D.C.1998) (quoting *Cohen v. Rental Housing Comm'n,* 496 A.2d 603, 605 (D.C.1985)).

Having heard the testimony and reviewed the relevant documents, ALJ Lim concluded that Mr. Johnson "ha[d] not proved by a preponderance of the evidence that he enjoys Educational Service status or that the mark on box 37 of his Form 1 is not a typographical error." There was no evidence that Mr. Johnson had ever competed for, or had been selected for, Educational Service status through the standard competitive process required by law and DCPS regulations. *See* D.C.Code § 1–609.1(b)(2)(B) (1981) and 5 DCMR §§ 1006.1 and 1006.3. Thus, Mr. Johnson's legal argument is that the personnel form is conclusive and that by placing the number "2" in box 37, DCPS conferred Educational Service status upon him. We cannot agree because this court rejected a similar argument in another "box 37" case. *See Hoage,* 714 A.2d at 781 (affirming denial of employee's petition for review of his termination where the personnel form included a similar "box 37" typographical error).[2] We also reject it here.

██ Mr. Johnson's second argument is that the decision of the OEA was not supported by substantial evidence. We find no merit in this argument either. In addition to receiving documentary evidence, the ALJ heard testimony from three witnesses for DCPS, as well as testimony from Mr. Johnson. He found the agency employees "to be far more credible than [appellant]," whose testimony was inconsistent and self-serving.

The key witness for the Public Schools was Ava Davenport, who had been the Director of Labor Management and Employee Relations for the D.C. Public Schools from April of 1998 until November of 2001. Although she had not been personally involved in hiring Mr. Johnson or in reassigning him, she did draft the letter terminating him from his position in 1999. She explained that "an initial appointment to the Educational Service requires [a] competitive process." Having reviewed the personnel file and talked with knowledgeable people, she concluded that the entry in box 37 "is clearly a mistake, a typographical error or whatever you want to call it, in that you cannot be appointed to an Educational position without having competed." She did not find any evidence

---

2. Mr. Hoage had been terminated as part of a reduction in force, but would have been exempt from the RIF if he had been a member of the Career Service, as box 37 of his Form 1 indicated. When he appealed his termination, the President of the University of the District of Columbia concluded that the notation on the form was simply a typographical error. We upheld that determination because it was supported by substantial evidence. 714 A.2d at 781.

that Mr. Johnson had been selected or appointed through a competitive process. Indeed, appellant did not present any evidence whatsoever that he had competed for an Educational Service position, and the ALJ found as a fact that he "did not undergo any open competitive process...."

Perhaps some of Ms. Davenport's testimony may fairly be characterized as hearsay. If so, it nonetheless is reliable enough to constitute "substantial evidence." *See Hutchinson v. District of Columbia Office of Employee Appeals,* 710 A.2d 227, 232–33 (D.C.1998) (discussing circumstances under which hearsay evidence can serve as "substantial evidence"). Ms. Davenport was familiar with the relevant statutes and regulations. Although she did not have personal knowledge of the hiring and reassignment of Mr. Johnson, that did not make her testimony insubstantial. As she explained: "That's the purpose of keeping records." *See* Fed. R.Evid. 803(8) (public records exception to rule against hearsay). Her testimony was not contradicted by Mr. Johnson's testimony. (Johnson never asserted that he had competed for an Educational Service position; indeed, his counsel argued that Johnson would not necessarily know if he had been part of an open competition conducted by the Human Resources department.) Moreover, Ms. Davenport's testimony is corroborated by the relevant statutes and regulations.[3]

■ We agree that this was not a one-sided debate. The official personnel form cannot be ignored and it certainly tends to establish that Mr. Johnson was in the Educational Service at the time of his termination. On the other hand, as *Hoage* demonstrates, the form cannot be deemed conclusive, and in the present circumstances Mr. Johnson has the burden of proof. Moreover, there can be substantial evidence on both sides of a dispute. "If the administrative findings are supported by substantial evidence, we must accept them even if there is substantial evidence in the record to support contrary findings." *Hutchinson,* 710 A.2d at 231.

### III. Conclusion

■ Based on the record before us, we cannot discount the possibility that there were procedural irregularities in the reassignment of Mr. Johnson from his original position. That, however, is not our present task. "When documents in an agency record suggest more than one possible conclusion, our standard of review operates in favor of the agency finding." *Hoage,* 714 A.2d at 781. We therefore agree with the trial court that OEA's decision dismissing for lack of jurisdiction was supported by substantial evidence. Accordingly, the judgment of the Superior Court is hereby

*Affirmed.*

---

3. Implementing statutory requirements, *see* D.C.Code § 1–609.1(b)(2)(B) (1981), the Board of Education adopted regulations requiring that "[e]xcept as otherwise specified in this title or by law, initial appointment to the Educational Service shall be made by open competition." 5 DCMR § 1006.1. *See also* 5 DCMR § 1006.3 ("Initial appointments to positions in the Educational Service shall be made as the result of open competition.").