McLEESE, Associate Judge:
Plaintiffs are former public-school teachers who filed a lawsuit against the District of Columbia, claiming entitlement to retroactive pay raises and other relief. The trial court dismissed their complaint for lack of subject-matter jurisdiction, and plaintiffs appealed. We affirm.
I.
Plaintiffs retired from the District of Columbia Public Schools (“DCPS”) be *1037 tween October 1, 2007, and June 2, 2010. On June 2, 2010, the Washington Teachers Union and DCPS entered into a new collective-bargaining agreement. The new agreement provided retroactive pay raises reaching back to October 1, 2007, to “all [Washington Teachers Union] bargaining unit members who were separated or retired as a result of the November 2009 Reduction-in-Force.” Plaintiffs were not affected by the November 2009 reduction-in-force.
Plaintiffs assert that DCPS violated the District of Columbia Comprehensive Merit Personnel Act (“CMPA”), D.C.Code § 1-601.01 et seq. (2012 Repl.), by giving retroactive pay raises to some, but not all, former teachers for work performed between October 1, 2007, and June 2, 2010. Count I of the complaint alleges that the pay raises violated provisions of the CMPA that plaintiffs interpret as requiring that District employees receive “equal pay for equal work.” D.C.Code §§ 1 — 611.03(a)(1), 1-611.11(d), l-617.17(a) (2012 Repl.).[1] Count II alleges that the pay raises violated a provision of the CMPA providing that labor unions “shall be responsible for representing the interests of all [employees in the unit they represent] without discrimination and without regard to membership in the labor organization.” D.C.Code § 1-617.11(a) (2012 Repl.).
II.
The trial court determined that plaintiffs’ complaint alleges unfair labor practices and that the District of Columbia Public Employee Relations Board (“PERB”) therefore has exclusive primary jurisdiction over the case. In this appeal, the plaintiffs have not disputed the trial court’s characterization of their claims as alleging unfair labor practices. We therefore assume, but do not decide, that the alleged statutory violations would constitute unfair labor practices under the CMPA.[2]
*1038 Plaintiffs have asserted only one theory as to why the Superior Court has jurisdiction over their claims: that the CMPA does not give the PERB jurisdiction over this action because the plaintiffs are retired employees and “the cause of action arose after their retirement.” We disagree with that theory for several reasons.
First, this court has already held that the CMPA gives the PERB authority over unfair-labor-practice claims. See Hawkins v. Hall, 537 A.2d 571, 574-75 (D.C.1988). Plaintiffs concede, moreover, that the PERB’s authority covers some claims of former employees. See, e.g., Cooper v. AFSCME, Local 1033, 656 A.2d 1141, 1142-43 (D.C.1995) (PERB had exclusive jurisdiction over former employee’s claim that union breached duty of fair representation). Although plaintiffs argue that the PERB does not have authority over former employees’ claims if the alleged violation occurred after the employees’ separation, our opinion in Hawkins suggests no such limitation. 537 A.2d at 574-75 (“[The PERB] has primary jurisdiction to determine whether a particular act or omission constitutes an unfair labor practice under the CMPA.”).
Second, the language of the CMPA does not support a limitation of the PERB’s jurisdiction based on whether the alleged violation occurred while the claimant was a District employee. The CMPA authorizes the PERB to “[d]eeide whether unfair labor practices have been committed and issue an appropriate remedial order.” D.C.Code § 1-605.02(3) (2012 Repl.). Such unfair labor practices are defined in D.C.Code § 1-617.04 (2012 Repl.). Neither provision restricts the PERB’s jurisdiction based on whether the claimant was a District employee at the time of the alleged violation. In fact, one of the unfair-labor-practice provisions expressly applies to non-employees. See D.C.Code § l-617.04(a)(3) (prohibiting the District of Columbia from “[discriminating in regard to hiring ... to encourage or discourage membership in any labor organization”). In addition, the CMPA provision that authorizes “[a]ny person aggrieved by a final order of the [PERB]” to seek judicial review further supports a broader interpretation of the PERB’s jurisdiction. D.C.Code § l-617.13(c) (2012 Repl.).
Third, the PERB has previously asserted jurisdiction over claims in which the alleged violation occurred when the claimant was no longer a District employee. Teamsters Local Union 639 v. District of Columbia Pub. Schs., No. 11-U-10, 2011 WL 8197549 (PERB Feb. 23, 2011) (resolving claim on behalf of former public-school employees that District of Columbia had violated their rights, where alleged violation occurred after employees’ separation); Doctors Council v. District of Columbia Dep’t of Youth Rehab. Servs., No. 07-U-19, 2009 WL 8474155 (PERB Sept. 30, 2009) (resolving claim of retired faculty member where alleged contract violation occurred after retirement); cf. Stockard v. Moss, 706 A.2d 561, 565 (D.C.1997) (CMPA preempts Superior Court jurisdiction over former employee’s slander claim, where allegedly slanderous statement occurred after employee’s discharge).
Finally, we see no logical reason for the PERB’s jurisdiction to turn on whether the alleged unfair labor practice occurred while the claimant was a public employee, as long as the alleged violation arose out of the claimant’s employment relationship with the District of Columbia.[3] The CMPA was enacted to replace the District of Columbia’s disjointed, decentralized per *1039 sonnel policies with a uniform, comprehensive system. See District of Columbia v. Thompson, 593 A.2d 621, 632-33 (D.C.1991). In keeping with this theme, the CMPA contains chapters that govern, among other things, the hiring process, personnel matters, and retirement benefits. See, e.g., D.C.Code §§ 1-607.01 to 1-607.08 (2012 Repl.) (addressing equal employment opportunity and employee selection); D.C.Code §§ 1-611.01 to 1-611.21 (2012 Repl.) (addressing employee classification and compensation); D.C.Code §§ 1-621.01 to 1-623.47 (2012 Repl.) (addressing employee benefits); D.C.Code §§ 1-626.01 to 1-626.14 (2012 Repl.) (addressing employee retirement). Given the CMPA’s objective of uniformity, it would be incongruous to interpret the CMPA as creating two separate systems of adjudication for the claims of unfair labor practices, with some unfair-labor-practice claims being addressed in the first instance by the PERB and others being addressed in the first instance by the Superior Court. Cf. Hawkins, 537 A.2d at 573 (noting advantages of having PERB, as expert agency, resolve unfair-labor-practice claims in first instance).
Plaintiffs raise two main counterarguments. We do not find those arguments persuasive.
First, plaintiffs attach great importance to the CMPA’s definition of “employee,” asserting that the CMPA refers repeatedly to employees but does not refer to former employees. We note, however, that numerous provisions of the CMPA unambiguously apply to former employees. See, e.g„ D.C.Code § 1-629.03 (2012 Repl.) (establishing procedure for collecting debts owed to District of Columbia by both current and former employees); D.C.Code § 1-626.03 (“The District shall provide retirement benefits to all employees.... ”); D.C.Code § 1-611.06 (providing retroactive pay for retired or deceased employees); D.C.Code § 1-626.14 (“a civil action may be brought by a [beneficiary of the District of Columbia retirement program] ... to enjoin any act or practice that violates any provision of this chapter or the terms of the retirement program”). The numerous references in the CMPA to the rights of former employees provide further support for the conclusion that the PERB has jurisdiction over unfair-labor-practice complaints brought by former employees.
Second, plaintiffs rely on the contrasting definitions of ‘employee’ in the CMPA and the Whistleblower Protection Amendment Act (“WPAA”). Compare D.C.Code § 1-603.01(7) (2012 Repl.) (CMPA defines ‘employee’ as “an individual who performs a function of the District government and who receives compensation for the performance of such services”), with D.C.Code § l-615.52(a)(3) (2012 Repl.) (WPAA defines ‘employee’ as “any person who is a former or current District employee, or an applicant for employment by the District government ... ”). The definition of ‘employee’ in the WPAA sheds no significant light, however, on the proper interpretation of the scope of the PERB’s jurisdiction under the CMPA, which addresses a different issue and was enacted twenty years before the enactment of the WPAA.[4] See, e.g., Mattox v. Federal Trade Comm’n, 752 F.2d 116, 121-22 (5th Cir.1985) (declining to adopt uniform interpretation of two provisions because, among other reasons, provisions “were enacted sixty-two years apart”).
*1040 We therefore hold that the PERB has exclusive jurisdiction over claims of retired District of Columbia employees alleging an unfair labor practice under § 1-617.04 that arises out of the claimants’ employment relationship with the District of Columbia. Accordingly, plaintiffs’ jurisdictional argument lacks merit.
III.
Plaintiffs request, in the alternative, that we remand to the Superior Court with instructions to remand in turn to the PERB. They contend that remand is appropriate under Grillo v. District of Columbia, because there is a “substantial question” as to whether the PERB has jurisdiction over claims of former employees arising after the end of the employment relationship. 731 A.2d 384, 386-87 (D.C.1999) (remanding to Superior Court with instructions to remand to Office of Employee Appeals to afford agency “an opportunity to construe the statute that it is charged with administering-” because case raised “substantial question” as to jurisdiction of OEA). For the reasons previously stated, however, we conclude that plaintiffs have not raised a substantial question on this topic. We also note that plaintiffs did not ask the trial court to remand to the PERB under Grillo. Finally, the rationale of Grillo is not applicable here, because the PERB has already asserted jurisdiction over claims of former employees that arose after the employment relationship ended. See, e.g., Teamsters Local 639, 2011 WL 8197549; Doctors Council, 2009 WL 8474155. Under these circumstances, remand is not warranted.[5]
The judgment of the trial court is therefore

Affirmed.

. Section 1-611.03(a)(1) states that "[c]om-pensation shall be competitive with that provided to other public sector employees having comparable duties, responsibilities, qualifications, and working conditions by occupational groups.” Section 1-611.11(d) states that § 1-611.03(a)(1) applies to employees in the Educational Service. Section l-617.17(a) states that § 1-611.03 applies to collectively bargained salaries.

. It is not clear that Count I actually does allege an unfair labor practice, because Count I does not allege that DCPS committed any of the unfair labor practices listed in the CMPA. See D.C.Code § 1-617.04 (Repl.2012) (listing unfair labor practices prohibited by CMPA); Frazer v. Board of Trs. for Univ. of District of Columbia, No. 11-U-46, 2011 WL 7807219, at *2 (PERB Nov. 30, 2011) (§ 1-617.04 provides "an exhaustive list" of bases for unfair-labor-practice complaints before PERB); cf. Fraternal Order of Police v. District of Columbia Metro. Police Dep't, No. 91-U-18, 1992 WL 12601382, at *2 n. 1 (PERB Jan. 10, 1992) (PERB lacks jurisdiction over claimed violation of disciplinary grievance procedures because claimed violation "does not give rise to an unfair labor practice”). The plaintiffs, however, have not asserted on appeal a jurisdictional argument based on the possibility that Count I does not allege an unfair labor practice. We will not attempt to generate such a theory sua sponte. See, e.g., Travelers Prop. Cas. v. Good, 689 F.3d 714, 718 (7th Cir.2012) ("The court need not bend over backwards to construct alternative theories to persuade itself that subject matter jurisdiction exists-"); Eisler v. Stritzler, 535 F.2d 148, 152 (1st Cir.1976) ("we normally would be disinclined to note, sua sponte on appeal, alternative grounds for the district court’s jurisdiction"); Franson ex rel. Franson v. Micelli, 172 Ill.2d 352, 217 Ill.Dec. 250, 666 N.E.2d 1188, 1190 (1996) ("If some alternative basis existed for invoking the appellate court’s jurisdiction, Micelli was obliged to demonstrate it. He has not done so.”); see generally, e.g., Speights v. 800 Water St., Inc., 4 A.3d 471, 476 (D.C.2010) ("points not raised on appeal are deemed waived”).

. Plaintiffs' claims plainly arise out of their employment relationship with the District of Columbia. The gravamen of their complaint is that they were compensated inadequately for work they performed while they were employed with DCPS.

. See Comprehensive Merit Personnel Act, D.C. Law 2-139, § 301, 25 D.C.Reg. 5740, 5770 (1998) (approved on November 22, 1978); Whistleblower Protection Amendment Act of 1998, D.C. Law 12-160, § 1552(a)(3), 45 D.C.Reg. 5147, 5148-49, 5168 (1998) (approved on June 23, 1998).

. As previously noted, see supra pp. 1037-38 & n. 2, appellants have not raised on appeal the question whether Count I is properly understood as an unfair-labor-practice claim. If that question had been properly raised, it might well have been appropriately decided in the first instance by the PERB. We decline, however, to raise the question sua sponte and to direct that the question be decided in the first instance by the PERB. First, as previously noted, see supra p. 1037 n. 2, this court generally does not consider questions not properly raised and briefed on appeal. Second, even if this court were otherwise inclined to overlook appellants' failure to raise the question properly, appellants would face serious procedural obstacles if they sought to obtain administrative relief at this juncture. Specifically, appellants failed to exhaust their administrative remedies in the PERB before filing suit, and the time for seeking administrative relief appears to have long since passed. See, e.g., District of Columbia Metro. Police Dep't v. Fraternal Order of Police/Metro. Police Dep't Labor Comm., 997 A.2d 65, 80-83 (D.C.2010) (discussing exhaustion requirement); 6-B DCMR § 520.4 (2013) (unfair-labor-practice claims must be presented to PERB with 120 days); 6-B DCMR § 538.1 (2013) (challenges to arbitral awards must be brought before PERB within 20 days); D.C.Code §§ l-616.52(a) (certain grievances must be presented to Office of Employee Appeals within 10 days), 1-616.53(b) (certain grievances must be presented within 45 days). This court has in extraordinary circumstances excused compliance with exhaustion and timeliness requirements. See, e.g., District of Columbia Metro. Police Dep’t, 997 A.2d at 82 (citing cases); Grillo, 731 A.2d at 387 n. 5. We do not, however, see such extraordinary circumstances in this case.