*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-CV-0082

SAMUEL MURRAY, APPELLANT,

V.

DISTRICT OF COLUMBIA DEPARTMENT OF YOUTH REHABILITATION SERVICES, *et al.*, APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(2022-CA-001505-P(MPA))

(Hon. Shana F. Matini, Trial Judge)

(Submitted September 25, 2024                    Decided February 13, 2025)

*Samuel Murray*, pro se.

*Brian L. Schwalb*, Attorney General for the District of Columbia, with whom *Caroline S. Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, *Graham E. Phillips*, Deputy Solicitor General, and *Alex Fumelli*, Assistant Attorney General, were on the brief, for appellee District of Columbia Department of Youth Rehabilitation Services.

*Lasheka Brown* filed a statement in lieu of brief for appellee District of Columbia Office of Employee Appeals.

Before EASTERLY, MCLEESE, and SHANKER, *Associate Judges*.

McLEESE, *Associate Judge*: Appellant Samuel Murray was awarded back-pay after it was determined that appellee the District of Columbia Department of Youth Rehabilitation Services ("DYRS") had wrongfully terminated Mr. Murray's employment. In this appeal, Mr. Murray argues that he was entitled to interest on the award of back-pay. We affirm the judgment of the Superior Court denying Mr. Murray's claim for interest.

## I. Factual and Procedural Background

Except as noted, the following appears to be undisputed for present purposes. Mr. Murray was injured in the course of his employment as a motor-vehicle operator for DYRS. As a result, he left work in 2010. Mr. Murray returned to work briefly in 2012, but again took leave. DYRS informed Mr. Murray that he was required to return to work and then terminated his employment when he failed to do so.

Mr. Murray contested his termination, which was determined to have been wrongful. In September 2020, DYRS was ordered to reinstate Mr. Murray and he was awarded back-pay with benefits. Up to that point, it does not appear that Mr. Murray asked to be awarded interest on the back-pay award.

In February 2021, Mr. Murray filed a petition with the Office of Employee Appeals ("OEA") to reopen his case, seeking enforcement of the award of back-pay and benefits, which had not yet been provided. Mr. Murray also, apparently for the

first time, sought "accrued interest on the back[-]pay." Mr. Murray eventually received his back-pay and benefits, so the issue narrowed to whether Mr. Murray was entitled to interest on the back-pay award.

In response to Mr. Murray's request for interest, DYRS argued (1) that the request was untimely (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989) (post-judgment motion for prejudgment interest is motion to amend or alter judgment)); and (2) in any event, OEA lacks authority to grant interest on back-pay awards.

The OEA Administrative Judge ("AJ") who ruled on Mr. Murray's petition did not specifically address the issue of timeliness, other than to list various distinctions between the circumstances of *Osterneck* (a civil case involving a jury trial) and the present case (an administrative matter where the facts were not contested). The AJ further concluded that OEA had authority to award interest on back-pay awards and therefore ordered DYRS to pay Mr. Murray prejudgment interest.

DYRS sought review of the AJ's award of interest in the Superior Court, which reversed the award on the ground that the AJ did not have jurisdiction to grant interest on the back-pay award. The trial court reasoned as follows. After an award has been issued, an AJ "retain[s] jurisdiction over the case only to the extent

necessary to correct the record, rule on a motion for attorney fees, or process any petition for enforcement filed under the authority of [OEA]." D.C. Code § l-606.03(c). The decision granting Mr. Murray back-pay became a final order in October 2020, and although Mr. Murray properly sought enforcement of the order when he was not paid, that issue became moot upon receipt of back-pay in March 2021. Mr. Murray's request for prejudgment interest, made over three months after the back-pay award became final, fell outside the limited authority granted to AJs under Section l-606.03(c).

## II. Analysis

Our review of administrative appeals that "come[] to us from the Superior Court . . . is precisely the same as in administrative appeals that come to us directly." *Johnson v. D.C. Off. of Emp. Appeals*, 912 A.2d 1181, 1183 (D.C. 2006) (internal quotation marks omitted). Although we generally review questions of law de novo, *Dupree v. D.C. Off. of Emp. Appeals*, 36 A.3d 826, 831 (D.C. 2011), "[w]e ordinarily defer to OEA's reasonable interpretation of statutes under which OEA acts," *Butler v. Metro. Police Dep't*, 240 A.3d 829, 835 (D.C. 2020) (brackets and internal quotation marks omitted). We hold that Section l-606.03(c) clearly precluded Mr. Murray's belated request for prejudgment interest.

As previously noted, Mr. Murray did not originally seek prejudgment interest, and the back-pay award did not include prejudgment interest. When Mr. Murray later sought prejudgment interest, over three months after the back-pay award was final, he was in substance asking the AJ to amend the back-pay award. *Cf., e.g.*, *Osterneck*, 489 U.S. at 174-78 (post-judgment motion for prejudgment interest is motion to amend or alter judgment, because prejudgment interest has traditionally been understood as part of compensation due to plaintiff). Moreover, the request for prejudgment interest plainly does not fall within Section § l-606.03(c)'s list of matters as to which AJs retain jurisdiction after an award has issued: correction of the record, attorney's fees, and enforcement of an award.

We therefore agree with the Superior Court that the AJ lacked jurisdiction to award prejudgment interest. We are not persuaded by Mr. Murray's arguments to the contrary. First, Mr. Murray argues that his request for prejudgment interest can be viewed as an effort to enforce the back-pay award. We disagree. Whether to award prejudgment interest is a question about the amount of the award to which Mr. Murray was entitled, not a question about how to enforce an award that did not include prejudgment interest. *Osterneck*, 489 U.S. at 174-78.

Second, Mr. Murray argues that some procedural rules regarding timeliness are treated as discretionary rather than mandatory and jurisdictional.

Section l-606.03(c), however, is expressly worded as a limitation of the jurisdiction of AJs. D.C. Code § 1-606.03(c) (AJ "retain[s] *jurisdiction* over the case only to the extent necessary to correct the record, rule on a motion for attorney fees, or process any petition for enforcement filed under the authority of [OEA]") (emphasis added).

We note two remaining points. First, in light of our ruling we do not have occasion to address the broader question whether OEA has the authority to award prejudgment interest on back-pay awards when such interest is timely requested. We express no view on that question. Second, one could potentially view post-judgment interest as part of the enforcement of an award that was not timely paid. Mr. Murray has not developed an argument along those lines, and neither the AJ nor the Superior Court considered that issue. We therefore decline to address that issue. *See generally, e.g.*, *Battle v. District of Columbia*, 80 A.3d 1036, 1040 n.5 (D.C. 2013) ("[T]his court generally does not consider questions not properly raised and briefed on appeal."). We thus express no view about whether an OEA AJ would have jurisdiction to award post-judgment interest as part of an order enforcing an award that was not promptly paid.

For the foregoing reasons, the judgment of the Superior Court is

*Affirmed.*